**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5170-16T1

PANTELIS DEMIRIS and
MARA DEMIRIS,

 Plaintiffs-Appellants,

v.

BRANCH BANKING & TRUST
COMPANY,

 Defendant-Respondent.

_____

   Submitted December 20, 2018 – Decided March 18, 2019

   Before Judges Simonelli and DeAlmeida.

   On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. C-000353-15.

   Friedrich & Friedrich, PA, attorneys for appellants (Jay Joseph Friedrich, on the brief).

   Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Sonya Gidumal Chazin, on the brief).

PER CURIAM

Plaintiffs Pantelis Demiris and Mara Demiris appeal from the June 12, 2017 order of the Chancery Division granting summary judgment in favor of defendant Branch Banking & Trust Company (Branch). We affirm.

I.

The following facts are derived from the record. On September 25, 2008, plaintiffs executed a promissory note to Real Estate Mortgage Network, Inc. (Real Estate Mortgage) in the amount of $431,375. To secure the note, plaintiffs executed a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Real Estate Mortgage, encumbering residential property in Northvale. The mortgage was assigned to Branch on May 27, 2010.

Plaintiffs and Branch executed a loan modification agreement in 2011. Plaintiffs defaulted on the modified mortgage on December 1, 2012. On December 23, 2014, Branch sent plaintiffs a notice of intent to foreclose in accordance with the Fair Foreclosure Act, N.J.S.A. 2A:50-53 to -73. Plaintiffs did not cure the default. As a result, on August 27, 2015, Branch filed a foreclosure complaint in the Chancery Division. Plaintiffs filed an answer with counterclaims on October 28, 2015.

On September 4, 2015, plaintiffs filed a complaint against Branch in the Law Division, alleging breach of contract, breach of the implied covenant of

good faith and fair dealing, negligence, promissory estoppel, and violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20. Plaintiffs alleged that the parties entered into a second loan modification agreement in 2014, pursuant to which plaintiffs made monthly payments until Branch breached the agreement by rejecting their January 2015 payment. Branch filed an answer denying plaintiffs' claims. Plaintiffs' Law Division action was consolidated with the foreclosure matter in the Chancery Division.

On November 28, 2016, plaintiffs moved for summary judgment with respect to the claims raised in their complaint. They sought to enforce the alleged 2014 loan modification agreement. Branch opposed the motion and cross-moved to dismiss the complaint. Branch argued that in January 2014, the parties entered into a trial loan modification agreement, which expired after plaintiffs made three required payments. On May 6, 2014, Branch sent plaintiffs a permanent loan modification agreement requiring the notarized signatures of plaintiffs and two witnesses. Plaintiffs never signed the document. According to Branch, after expiration of the 2014 trial loan modification, plaintiffs continued to make payments, which Branch credited to the outstanding debt on plaintiffs' mortgage.

A-5170-16T1

At oral argument on the motions, plaintiffs' counsel argued that a representative of Branch agreed orally to modify the terms of the proposed 2014 permanent loan modification agreement by forfeiting Branch's claim to more than $148,000 of plaintiffs' existing debt, and that Branch acquiesced to the modified contract by continuing to accept plaintiffs' monthly payments, despite having no signed agreement.

On June 12, 2017, the trial court issued a detailed written opinion denying plaintiffs' motion and granting Branch's cross-motion. The court concluded plaintiffs failed to establish that the parties entered into a permanent loan modification in 2014. While finding that the parties entered into a trial loan modification agreement, the court also found that plaintiffs, "through counsel, refused to sign the tendered permanent loan modification agreement." Thus, the court concluded

> [t]here was no contract for [Branch] to breach, there were no actions that would substantiate a negligence claim, and there is no credible competent evidence to support an unspecific claim that [Branch] has violated the New Jersey Consumer Fraud Act.
>
> . . . .
>
> There is no breach of the duty of good faith and fair dealing by [Branch] because the agreement [Branch] is said to have reneged upon is illusory. There is no meeting of the minds that can be established on the

strength of what counsel was told by unnamed representative(s) of [Branch]. Each payment made by [plaintiffs, and] accepted by [Branch], was in fact duly applied to their outstanding obligations to [Branch], as demonstrated by the court-ordered accounting.

This appeal followed. Plaintiffs reiterate their arguments with respect to the parties having entered into an oral loan modification agreement in 2014. Plaintiffs also argue that the trial court's factual findings are not supported by adequate evidence, and contend that Branch failed to counter crucial elements of plaintiffs' statement of material facts not in dispute.[1]

## II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories

---

[1] Branch also moved for summary judgment on its foreclosure complaint. Plaintiffs opposed that motion. On June 12, 2017, the trial court entered an order granting Branch's motion, entering default against plaintiffs, and striking their answer and counterclaims. Although plaintiffs included the June 12, 2017 order in the foreclosure matter on their notice of appeal, on September 25, 2017, we entered an order limiting this appeal to the June 12, 2017 order concerning plaintiffs' complaint because a final judgment had not been entered in the foreclosure matter. We offer no opinion with respect to the foreclosure matter.

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to any fact in dispute.'" Prudential, 307 N.J. Super. at 167 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529-30 (1995)).

Self-serving assertions that "[are] unsupported by evidence are insufficient to create a genuine issue of material fact." Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015). (alteration in the original) (quoting Heyert v. Taddese, 431 N.J. Super 388, 414 (App. Div. 2013)). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005)). We review the record "based on our consideration of the evidence in the light most favorable to the parties opposing summary judgment." Brill, 142 N.J. at 523.

A-5170-16T1

Having carefully reviewed plaintiffs' arguments in light of the record and applicable legal principles, we conclude that there was ample evidence supporting the trial court's findings of fact and conclusions of law. Plaintiffs produced no credible evidence that after they defaulted on the 2011 loan modification agreement, the parties entered into a new contract modifying plaintiffs' loan. The permanent loan modification sent to plaintiffs by Branch in 2014 expressly stated that it is conditioned on the notarized signatures of plaintiffs and two witnesses. Plaintiffs concede that they did not sign that document. In addition, we see no basis to disturb the trial court's conclusion that plaintiffs failed to produce credible evidence a Branch representative orally agreed in 2014 to a permanent loan modification or that Branch acquiesced to the oral agreement by accepting plaintiffs' monthly payments after expiration of the trial agreement. In light of these factual findings and legal conclusions, the trial court's grant of summary judgment to Branch is unassailable.

To the extent we have not specifically addressed any of plaintiffs' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5170-16T1